THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON T. HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:20-CV-900-WHA-SRW |
| ) | [WO] |
| BETH BLOOM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Plaintiff Jason T. Hunter, a pretrial detainee confined in the Highlands County Jail in Sebring, Florida, has filed a *pro se* civil rights complaint. Doc. 1. Hunter names as defendants Beth Bloom, District Judge for the United States District Court for the Southern District of Florida; John K. Larkins III, Magistrate Judge for the United States District Court for the Northern District of Georgia; and "Unknown Assigned Fulton County [GA] Superior Judge." Doc. 1 at 1.

Hunter's allegations, which are largely incomprehensible, appear to relate to (1) various rulings and actions by District Judge Bloom in cases involving Hunter in the Southern District of Florida; (2) Hunter's detention and pending criminal proceedings in Highlands County, Florida; (3) Hunter's arrest in Georgia and extradition to Florida to face those criminal proceedings; and (4) rulings by Magistrate Judge Larkins recommending transfer of a previous federal complaint by Hunter (also relating to Hunter's detention and pending criminal proceedings in Florida) to the United States District Court for the Southern District of Florida. *See id.* at 2–8.

### II. DISCUSSION

A federal law action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred; or, if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction regarding such action. 28 U.S.C. § 1391(b).  When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought.  28 U.S.C. § 1406(a). And "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).

Venue for this action is not proper in the Middle District of Alabama. The alleged actions about which Hunter complains occurred either within the jurisdiction of the United States District Court for the Southern District of Florida or the jurisdiction of the United States District Court for the Northern District of Georgia. The majority of material witnesses and evidence associated with any claims relevant to Hunter's allegations appear to be located in the Southern District of Florida. The court concludes that, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Florida for review and determination.[1]

### III. CONCLUSION

---

[1] As with all of his Hunter's claims, this court is without jurisdiction and lacks venue over his claims regarding actions by residents of Georgia allegedly occurring within the jurisdiction of the United States District Court for the Northern District of Georgia.  If Hunter wishes to proceed on those claims, he should file a separate civil rights action in the appropriate federal court in Georgia. This court makes no determination on the merits of any of Hunter's claims.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Southern District of Florida under the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that **by January 19, 2021**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this the 5th day of January, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge